# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 26, 2008

Charles R. Fulbruge III
Clerk

No. 08-30922

LIBERTARIAN PARTY; LIBERTARIAN PARTY OF LOUISIANA; BOB BARR; WAYNE ROOT; SOCIALIST PARTY USA; BRIAN MOORE; STEWART ALEXANDER,

Plaintiffs–Appellees,

v.

JAY DARDENNE, In His Official Capacity as Louisiana Secretary of State,

Defendant–Appellant.

Appeals from the United States District Court for the Middle District of Louisiana, Baton Rouge

ORDER GRANTING STAY PENDING APPEAL

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

The Louisiana Secretary of State has filed a motion pursuant to Federal Rule of Appellate Procedure 8(a)(2)(A)(i) for a stay pending his appeal of a preliminary injunction issued by the district court directing that the presidential

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

electors of the Libertarian Party be placed on the ballot for the presidential election of 2008 and that ballots be reprinted to include these electors and delivered to replace ballots previously mailed to military and overseas absentee voters. We GRANT the motion to stay.

I

Louisiana election laws provide that "recognized" political parties must file qualifying papers with the Louisiana Secretary of State no later than 5:00 p.m. on the first Tuesday in September of each presidential election year in order to have presidential and vice-presidential candidates placed on the ballot.[1] The Libertarian Party is a "recognized" political party within the meaning of this statute, and the first Tuesday in September 2008 was September 2. Louisiana law further provides that if the state central committee of a recognized political party does not meet the deadline, the national chairman of that party may, within seventy-two hours after the deadline, certify a slate of electors to support the nominees for President and Vice-President nominated by the national convention of that party.[2] The resulting time for a national chairman to file was by 5:00 p.m., September 5, 2008.

The Libertarian Party asserts that because of Hurricane Gustav and the Louisiana Secretary of State, it was prevented from filing the necessary affidavits on or before either September 2 or 5, although personnel were available in the Secretary of State's office at the state's capitol in Baton Rouge throughout that time to accept filings. The Louisiana Secretary of State further declared on Monday, September 8, 2008, that any filings received on or before 5:00 p.m. that same day (September 8) would be deemed timely. The State Chairman of the Libertarian Party contends that he did not receive notice that

---

[1] LA. REV. STAT. ANN. § 18:1253.

[2] Id. § 18:1253(E).

the filing deadline had purportedly been extended by the Secretary of State until approximately 3:15 on the afternoon of September 8. The Libertarian Party did not file until the afternoon of September 10, a few hours after the Secretary of State had sent the certified ballots to be printed and distributed to registrars for mailing to absentee military and overseas voters. The Secretary declared the Libertarian Party's filing untimely and refused to place its candidates for President and Vice-President on the ballot.

The Libertarian Party, and others, filed suit, contending that the Louisiana Secretary of State violated Article II, Section 1, Clause 2, of and the First and Fourteenth Amendments to the United States Constitution. The plaintiffs sought to remedy these alleged violations under 42 U.S.C. § 1983.

In granting the preliminary injunction at issue in this appeal, the district court found as a factual matter that "Hurricane Gustav hit Louisiana on Monday, September 1, 2008" and that "[t]he Secretary of State's Office was officially closed on September 2 through September 7." However, the district court did note that "personnel were available at the Office of the Louisiana Secretary of State to accept filings made on September 2."

The district concluded as a matter of law that the Louisiana Secretary of State was not authorized to extend the filing deadlines, reasoning that only the Louisiana legislature could do so under Articles I and II of the United States Constitution. The district court determined, however, that it had the authority, based on the Supreme Court's decision in Anderson v. Celebreeze,[3] to extend the filing deadlines and did so with regard to the Libertarian Party until September 11, 2008. This resulted in the Libertarian Party's filing being deemed timely by the court. The district court's written order was issued September 24, after an evidentiary hearing that concluded on September 23. The district court stayed

---

[3] 460 U.S. 780 (1992).

its preliminary injunction until September 25 to allow time for an appeal. The Louisiana Secretary of State has appealed from the preliminary injunction and requests that we stay that injunction pending resolution of this appeal.

II

In considering whether to stay an injunction pending appeal, we look at the customary four factors. Chief among them is whether the movant has shown a likelihood of success on the merits of the appeal. In our view, for the reasons that follow, we believe that the movant has made such a showing. The movant has also shown that it will suffer irreparable injury if the stay is not granted, and that the stay will serve the public interest. Absentee voters in the military and overseas will receive two ballots with different candidates, with a resulting likelihood of confusion and duplicate voting. We recognize that the stay will inflict harm on the Libertarian Party, but our review of the likelihood-of-success-on-the-merits factor set out below leads us to believe that the harm may well be of their own making. In sum, the factors justifying the stay of the injunction pending appeal in our view outweigh any unacceptable harm to the Libertarian Party likely to result.

The evidence is undisputed that personnel were in the Louisiana Secretary of State's office on September 2 through September 5 and available to accept filings seeking to place presidential and vice-presidential candidates on the ballot. Directions were posted in the building specifically advising those seeking to make the necessary presidential and vice-presidential candidacy filings where to go. The Secretary of State's office accepted hand-delivered affidavits supporting the candidacies of Gloria LaRiva for President and Eugene Puryear for Vice-President on September 2. That office accepted by hand delivery qualifying papers for both the Democratic and Republican parties on September 5. That office also accepted filings made by mail and commercial carrier.

Although an executive order was issued closing non-essential state offices from September 2 through September 8, the election filing office of the Secretary of State of Louisiana remained open. The State Chairman of the Libertarian Party testified that he called the Secretary of State's office prior to September 2 to inquire what contingency plans were being made for Hurricane Gustav. He was told that none were being made and that "we would have to have them [all necessary filing papers] in by the Tuesday. No exceptions." The Chairman also testified that he did not have all the affidavits he needed to file on the September 2 deadline. The national Libertarian Party did not have the necessary affidavits on September 5. The evidence is also undisputed that at least one of the necessary affidavits was not ready for filing by September 2, September 5, or even September 8 for reasons unrelated to the Secretary of State's office or Hurricane Gustav. One of the electors, who lived in Shreveport, forgot to mail his affidavit to the Chairman. The Chairman drove to Shreveport on September 8 to obtain it when he learned of this fact. The notary date on the affidavit is September 8. The record is devoid of any evidence that this affidavit would have been timely executed or timely filed had Hurricane Gustav not occurred.

For the foregoing reasons, IT IS ORDERED that appellant's motion for stay of injunction pending appeal is GRANTED.